## RICHARD WALSH v. G. M. ETTER.

COMMISSION OF APPEALS, AUSTIN TERM, 1882.

*Occupation tax—Bell punch law.*—The occupation tax imposed by the terms of the act of April 3, 1879, and known as the "bell punch law," was a specific occupation tax of $250, payable in advance, and to be exhausted at a specified amount per drink. If the amount so paid as a specific tax should be exhausted before the expiration of twelve months, the act provided that the drinks registered as sold in excess of the tax at the amount specified should be taxed in like ratio.

*Same.*—The act of March 11, 1881, gave to dealers who had paid tax under the "bell punch law" the privilege either to continue under the provisions of that, or to take out license under the subsequent act, and in the latter event the dealer would be entitled to a credit of any balance due on payment made under the former law. This estimate was required to be made on the basis of $250, as a specific annual tax, considered with reference to the unexpired term. Note this case in illustration.

*Same—Case stated.*—The register in this case showed an exhaustion at the expiration of the license, less one day, of forty dollars of the original two hundred and fifty dollars paid, and the appellant claimed a credit, on his application for license under the new law, of the difference between the amount registered and the two hundred and fifty dollars.

*Held,* That he was not entitled to such credit or rebate.

Appeal from the County Court of Grayson.—For a full statement of this case reference is made to the statement contained in appellant's brief, which is full and correct.

Opinion by Watts, J.—By the terms of the act of April 3, 1879, commonly known as the "bell punch law," a specific occupation tax of $250 per annum, was required to be paid in advance by each retail dealer in spirituous and vinous liquors. This amount was entered as a credit to the dealer, and he was furnished with a "bell punch." He was then charged two cents for each drink thereafter sold and registered; at the end of each month the collector was

required to note the number of drinks registered during the month, and to enter the credit accordingly. When the number of drinks registered amounted in this way to the $250 specific occupation paid, the books were balanced, and thereafter at the end of each month the dealer was required to pay to the collector two cents for each drink registered during that month. It was never contemplated that any dealer should pay less than $250 specific occupation. The act provides "that no dealer, whose register tax shall be less than his specific tax when his license expires, shall be entitled to any further credit, rebate or refunding of said specific occupation tax."

Under the act of March 11, 1881, the option was given to dealers, who had paid the tax under the "bell punch law," either to continue under the provisions of that, or to take out license under the subsequent act, and, in the latter event, the dealer would be entitled to a credit for any balance due on payment made under the former law.

On the twenty-ninth day of September, 1881, one day before his license expired under the "bell punch law," appellant applied to the collector for license under the act of March 11, 1881, and as his "bell punch" had not been over diligent, but had only registered about $40, at two cents per drink, he demanded a credit for the next ensuing year of $219.64, the balance of the $250 not registered, and contends that such is the proper construction of the later act. The injustice of such a construction could hardly be illustrated any better than is done by this case. Appellant had engaged in the business for three hundred and sixty-four days, and while the law is emphatic that the $250 specific occupation is the minimum, still he wishes to escape by paying the pittance of $40. Such was not the legislative intent.

When the amount registered did not exceed, or rather equal, the $250, then the balance due on payment under the act of 1879, for which the party making the change would be entitled to credit, was intended to be estimated on the basis of the $250 as a specific annual tax, considered with reference to the unexpired term. To illustrate, if but eleven months had expired when the change was made, then the party would be entitled to a credit of one-twelfth of the $250, and so on in that ratio.

There was no cause of action stated in the petition, and the judgment ought to be affirmed.

Examined and approved, and judgment affirmed.—WHITE, P. J.